```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE

AMERICAN CONSTRUCTORS, INC.,    )
                                )
        Plaintiff               )
                                )       Case 3:11-0495
v.                              )       Judge Nixon/Brown
                                )
THE HANOVER INSURANCE COMPANY,  )
                                )
        Defendant               )
```

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**1.    Basis of Jurisdiction.** The Plaintiff initially filed this lawsuit in Williamson County Chancery Court. Hanover removed this case to Federal Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the matter in controversy is between citizens of different states. Jurisdiction is not disputed by the Plaintiff.

**2.    Magistrate Assignment.** This case is currently assigned to Magistrate Brown.

**3.    Status of Service of Process.** Hanover has been served and service of process is not disputed. Neither does Hanover dispute venue or personal jurisdiction.

**4.    Special Procedures.** There is no need for adopting special procedures due to the complexity of the issues, multiple parties, difficult dispositive issues, or unusual proof problems.

5. **Status of Pleadings.** The Complaint was originally filed in Williamson County Chancery Court on April 26, 2011. Hanover filed a Notice of Removal on May 25, 2011, and filed an Answer on June 2, 2011.

6. **Parties' Overview of the Case.**

   a. **Plaintiff's Overview.** Plaintiff asserts that this cause of action arose out of the failure of Hanover to perform pursuant to the terms of a Performance Bond issued in connection with improvements to real property located in Williamson County and known as the Spring Hill Area High School, Williamson County, Tennessee ("the "Project"). American entered into an agreement with Williamson County Schools ("Williamson County") to perform the labor and provide the material necessary to construct the Project. Thereafter, American entered into a Subcontract Agreement, with Thomas & Associates, Inc. ("Thomas & Associates") to perform certain site work. In connection with the Subcontract Agreement of Thomas & Associates, Hanover provided a Payment Bond, naming American as the obligee and Thomas & Associates as the principal. Hanover also issued a Performance Bond, naming as its principal Thomas & Associates and as the obligee, American.

   Thomas & Associates failed to pay its subcontractors and suppliers from funds that it received from American, and then failed to adequately provide manpower to the Project site. Thomas & Associates ultimately abandoned the Project, removed all equipment

and manpower from the site, and made no effort to cure its default. American provided notice to Thomas & Associates of the breach of contract, the default of contract obligations, and the termination of the Subcontract Agreement.

Pursuant to the terms of the Performance Bond, American made demand upon Hanover to perform. Hanover refused to perform pursuant to the terms of the Performance Bond because of an alleged overpayment defense while continuing to reserve any remaining defenses. Hanover refused to perform pursuant to the terms of the Performance Bond because American supplemented manpower and equipment on an emergency basis without the consent of Hanover. Additionally, Hanover failed to perform pursuant to the terms of the Performance Bond because of an alleged improper termination of Thomas & Associates from the Subcontract Agreement. The failure of Hanover to perform pursuant to the Performance Bond constitutes a breach of performance bond obligations and as a result of the breach, American has been damaged in the approximate amount of $370,000.00 plus attorney's fees, interest, and administrative costs.

  **b. Hanover's Overview.** Hanover asserts that its potential liability to Plaintiff under the Performance Bond has been discharged, in whole or in part, as a result of Plaintiff's conduct including, but not necessarily limited to, (1) Plaintiff's substantial supplementation of Thomas & Associates' forces under the

Subcontract Agreement without Hanover's knowledge or consent, (2) Plaintiff's substantial overpayment to Thomas & Associates under the Subcontract Agreement, and (3) other conduct through which Plaintiff deprived Hanover of the opportunity to exercise any of the performance options clearly and unambiguously granted by the Performance Bond. In fact, correspondence authored by Plaintiff confirms that, before Hanover received notice of any potential claim against the Performance Bond, Plaintiff had previously engaged in, and intended to continue engaging in conduct that deprived Hanover of the opportunity to exercise any of the performance options clearly and unambiguously set forth in the Performance Bond. At a minimum, Plaintiff failed to clearly, directly, and unequivocally declare Thomas & Associates to be in default under the Performance Bond before Plaintiff began engaging in such conduct, which discharged Hanover's potential liability under the Performance Bond in whole or in part. Plaintiff further discharged Hanover's potential liability under the Performance Bond by substantially overpaying Thomas & Associates under the Subcontract Agreement using funds in which Hanover possesses a legal and equitable interest, which substantially prejudiced Hanover's interests under the Performance Bond.

Moreover, Thomas & Associates, the principal under the Performance Bond, adamantly disputes (1) that it failed to adequately provide manpower under the Subcontract Agreement, (2)

that it removed equipment and manpower from the Project, (3) that it failed to provide adequate supervision or authority under the Subcontract Agreement, or (4) that Plaintiff validly terminated Thomas & Associates' right to complete the Subcontract Agreement. Thus, Hanover denies any liability to Plaintiff under the Performance Bond or otherwise.

7.  **Contested and Uncontested Issues.** The parties are unable at this time to advise the Court of any issues that are uncontested other than jurisdiction and venue. However, the parties will endeavor to enter into stipulations at a later date.

8.  **Discovery Plan.**

    a.  **Mandatory Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within **14 days** after the initial case management conference.

    b.  **Initial Written Discovery.** Any initial written discovery requests, other than requests for admissions, shall be served in time to be answered by **April 2, 2012**.

    c.  **Motions to Compel.** Any motions to compel compliance with written discovery requests shall be filed by **April 16, 2012**. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

**d.     Depositions.** All depositions of expert and non-expert witnesses shall be completed by **May 1, 2012**.

**e.     Experts.** By the close of business on **February 1, 2012**, Plaintiff shall declare to all other parties (but not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

By the close of business on **March 2, 2012**, Hanover shall declare to all other parties (but not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

By the close of business on March 15, 2012, Plaintiff and Hanover shall provide (but not file with the Court) all the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure with respect to any rebuttal expert witness testimony they may have.

**f.     Interrogatories.** Each party may serve upon any other party a maximum of **40** interrogatories, including subparts, unless the parties agree otherwise.

**g.** Discovery is not stayed during dispositive motions, unless ordered by the court.

**h.** The parties will endeavor to create admissions of facts and/or stipulations regarding the authenticity of documents

in order to avoid unnecessary discovery or proof if and when appropriate.

   **i.** Though the parties reserve the right to request that electronically stored information be produced in its native format, all electronically stored information subject to discovery shall first be printed out and provided in that form.

  **9. Dispositive Motions.** The parties shall file all dispositive motions on or before **June 15, 2012**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion, or **July 13, 2012**. Optional replies may be filed within **14 days** after the filing of the response, or **July 27, 2012**. Memoranda in support of a dispositive motion or in response to such a motion shall not exceed **25 pages**. If a reply memorandum is filed, it shall be limited to **five pages** absent Court permission for a longer reply. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

  **10. Witnesses.** Until initial discovery has been answered, the parties cannot adequately identify what witnesses will be necessary for purposes of trial.

  **11. Settlement.** The parties have not yet determined at this stage of the proceedings whether a voluntary mediation or judicial settlement conference would be productive. If the parties elect to participate in a voluntary mediation, the parties shall file a joint mediation report on or before **May 18, 2012**.

**12. Subsequent Case Management Conference.** The parties suggest that this case be set for a second case management conference on **March 5, 2012, at 9:30 a.m.**, which is 60 days before the scheduled date for completion of discovery. **To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

**13. Trial Date.** The parties estimate that this bench trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **November 6, 2012**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **October 26, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge